UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAURA PORTER,<br>  *Plaintiff*,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>  *Defendant* | CIVIL ACTION NO. 4:14-CV-0755 |

## SUMMARY JUDGMENT OPINION AND ORDER

Plaintiff Laura Porter filed this case under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), for review of the Commissioner's final decision denying her request for disability insurance benefits. Both Porter and the Commissioner moved for summary judgment. (Dkts. 10, 11). The Commissioner's motion is granted, Porter's motion is denied, and final judgment will be entered affirming the Commissioner's final decision.

## Background

Porter filed for benefits under Title II of the Social Security Act on August 1, 2011 alleging disability beginning on January 12, 2011. Porter's application was denied at the initial and reconsideration levels, and she requested a hearing before an administrative law judge ("ALJ"). That hearing was held on September 17, 2012 and the ALJ's unfavorable decision was issued September 25, 2012. The Appeals Council denied review and the ALJ's decision became the final decision of

the Commissioner.

**Analysis**

    **A.    Legal Standards**

Section 405(g) of the Act governs the standard of review in disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny Social Security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard; and (2) the Commissioner's decision is supported by substantial evidence. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and is "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). The court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. The courts strive for judicial review that is deferential but not so obsequious as to be meaningless. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)). "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council," thus post hoc rationalizations in support of the decision are

irrelevant. *See Newton v. Apfel,* 209 F.3d at 455.

B.     **The ALJ's Decision**

The ALJ followed the familiar 5-step sequential analysis in reaching his decision.[1] The ALJ found that Porter has the severe impairments of obesity, lumbar disc disease, left knee discomfort, and hypertension, none of which meets or medically equals a listed impairment. Dkt. 4-3 at 17. The ALJ further found that Porter is unable to perform her past relevant work, but "has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) except the claimant can push, pull, lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; sit, stand, and/or walk 4 hours in an 8 hour workday with the ability to change positions at will; never climb ropes, ladders, or scaffolds, but occasionally negotiate stairs; and occasionally balance, stoop, kneel, crouch, or crawl, secondary to lumbar and left knee discomfort." Dkt. 4-3 at 18. In response to a hypothetical question based on this RFC assessment, the vocation expert testified that Porter could perform the jobs of ticket seller, assembler, and packager. Thus, the ALJ concluded that Porter is not disabled under the Act. *Id.* at 21.

---

[1] (1) Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is no, (2) Does the claimant have a severe impairment? If so, (3) Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If no, (4) Can the claimant still perform her past relevant work? If no, (5) Considering the claimant's residual functional capacity (RFC), age, education and work experience, is there other work she can do? If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718.

Porter argues that the ALJ erred in his analysis of Porter's credibility and in failing to consider the limitations of her extreme obesity.

***Credibility.*** When a claimant alleges symptoms, such as pain, limiting his ability to work, he must establish a medically determinable impairment capable of producing the pain or other symptoms. *Ripley v. Chater,* 67 F.3d 552, 556 (5th Cir. 1995) (citing 20 C.F.R. § 404.1529). Once such a medical impairment is established, the subjective complaints must be considered along with the medical evidence in determining the individual's work capacity. The regulations instruct that a claimant's statements about the intensity, persistence, or functionally limiting effects of the symptoms must not be rejected "solely because the available objective medical evidence does not substantiate [those] statements." 20 C.F.R. § 404.1529(c)(2); 20 C.F.R. § 416.929(c)(2). When such statements are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the statements based on a consideration of the entire case record. SSR 96-7p, *3. Of course, an ALJ's credibility findings on a claimant's subjective complaints are entitled to deference. *Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001).

The ALJ found that Porter's impairments could reasonably be expected to cause the alleged symptoms. The ALJ then stated:

[T]he claimant's statements concerning the intensity, persistence, and

4

> limiting effects of these symptoms are not credible *to the extent they are inconsistent with the above residual functional capacity assessment.* (emphasis added).

This passage is somewhat troubling, because it implies that the ALJ is assessing Porter's credibility only after having determined her RFC, instead of upon consideration of the entire record. *See Bjornson v. Astrue,* 671 F.3d 640, 645 (7th Cir. 2012)("[T]he passage implies that ability to work is determined first and is then used to determine the claimant's credibility. That gets things backwards."). Nonetheless, the opinion overall indicates that the ALJ did not reject Porter's own statements *solely* because they were inconsistent with the objective medical evidence. The ALJ found "the claimant's allegations of experiencing disabling pain and limitation, made under oath, are not corroborated *in the overall record*." Dkt. 4-3 at 20. The ALJ specifically mentioned in his analysis that Porter's testimony regarding the severity of her pain was inconsistent with the fact that she had not sought medical treatment since 2010; she declined to engage in recommended physical therapy; she performed the physical assessment by Dr. Isaac without distress; and she was able to perform some household chores, drive, and tend to her personal hygiene and grooming needs. *Id.* at 19-20. For these reasons, the court concludes that the ALJ did not commit reversible error in making his credibility assessment.

***Extreme obesity.*** The ALJ did not specifically mention obesity in his

hypothetical questions to the vocational expert. Dkt. 4-3 at 41-42. Porter relies on *Morrison v. Apfel*, 146 F.3d 625, 628-29 (8th Cir. 1998) for the proposition that this was error. The ALJ did expressly mention obesity in his RFC determination, stating: "In terms of claimant's alleged obesity, lumbar disc disease, left knee discomfort, and hypertension, the objective medical evidence of record confirmed the conditions but not their disabling nature." Dkt. 4-3 at 19. Unlike in *Morrison*, there was no objective medical evidence regarding Porter's functional limitations due to obesity. *See* 146 F.3d at 628 (Morrison's treating physician identified obesity as Morrison's "biggest problem"). And Porter's own testimony was that she had issues with her back, left knee, hypertension, and ankles. Dkt. 4-3 at 32-33. Porter did not attribute the pain or her inability to work to her obesity. Porter has not pointed to any evidence in the record to support limitations on her ability to work other than those included in the ALJ's RFC assessment. The court concludes the ALJ did not err in his consideration of extreme obesity in determining Porter's ability to work.

## Conclusion and Order

For the reasons stated above, the court concludes that Porter has not met her burden to show that the ALJ's decision is based on an improper legal standard or is not supported by substantial evidence. Therefore, Porter's motion to summary judgment (Dkt. 10) is denied and the Commissioner's motion for summary

judgment (Dkt. 11) is granted. The court will issue a separate final judgment affirming the Commissioner's final decision.

Signed at Houston, Texas on December 30, 2014.

_____
Stephen Wm Smith
United States Magistrate Judge